**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re: ) | IN CHAPTER 7 PROCEEDINGS |
| ) | |
| MIDWEST RACKING MANUFACTURING, INC., ) | BK 07-31110 |
| ) | |
|     Debtor. ) | |
| ) | |
| DONALD M. SAMSON, Trustee, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Adv. 09-_____ |
| ) | |
| MICHAEL SABADOS, SR., ) | |
| ANNA SABADOS, ) | |
| MICHAEL SABADOS, JR., ) | |
| METRO FABRICATORS INC., ) | |
| ) | |
|     Defendants. ) | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS**

The complaint of Donald M. Samson, trustee, respectfully alleges:

1. That Donald M. Samson is the duly qualified and acting trustee in this case.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC 1334 and 28 USC 157.

3. This is a core proceeding within the meaning of 28 USC 157(b)(2)(F). Venue property lies in this judicial district pursuant to 28 USC §1409(a), in that the instant adversary proceeding is related to the above-captioned case under title 11 of the United States Code which is still pending.

**COUNT I**

4. Within one year of the filing of this case, the debtor herein transferred certain property having a value in excess of $50,000.00 to Defendants, Michael Sabados Sr. and Anna Sabados, husband and wife, on account of an antecedent debt.

5. Defendants Michael Sabados Sr. and Anna Sabados, husband and wife, are insiders as defined by 11 U.S.C. 101(31).

6. The transfers were made while the debtor was insolvent or in the alternative caused debtor to become insolvent.

7. The transfers will enable defendants Michael Sabados Sr. and Anna Sabados, husband and wife, to recover more than they would receive as creditors if: (a) the bankruptcy case were a case under Chapter 7 of Title 11, United States Code; (b) the transfers had not been made; and (c) the defendants received payment of their debt to the extent provided by the provisions of said Title 11.

**WHEREFORE**, plaintiff prays that this court make its order avoiding the aforesaid preferential transfers, ordering the defendants Michael Sabados Sr. and Anna Sabados, husband and wife, to pay over to the trustee the sum of the preferential transfers having a value in excess of $50,000.00 plus costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT II

8-10.  Donald M. Samson, trustee, realleages his allegations in paragraphs 1-3.

11.  Within one year of the order of filing of this case, the debtor herein transferred certain property having a value in excess of $50,000.00 to Defendant Michael Sabados Jr. on account of an antecedent debt.

12.  Defendant Michael Sabados Jr. is an insider as defined by 11 U.S.C. 101(31).

13.  The transfers were made while debtor was insolvent or in the alternative caused debtor to become insolvent.

14.  Said transfer will enable defendant Michael Sabados Jr. to recover more than he would receive as a creditor if (a) the bankruptcy case were a case under Chapter 7 of Title 11, United States Code; (b) the transfers had not been made; and (c) the defendant received payment of his debt to the extent provided by the provisions of said Title 11.

**WHEREFORE**, plaintiff prays that this court make its order avoiding the aforesaid preferential transfers, ordering the defendant Michael Sabados Jr. to pay over to the trustee the sum of the preferential transfers having a value in excess of $50,000.00 plus costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT III

15-17.  Donald M. Samson, trustee, realleages his allegations in paragraphs 1-3.

18.  Within one year of the order of filing of this case, the debtor herein transferred certain property having a value in excess of $50,000.00 to Defendant Metro Fabricators, Inc. on account of an antecedent debt.

12.  Defendant Metro Fabricators, Inc. is an insider as defined by 11 U.S.C. 101(31).

13.  The transfers were made while debtor was insolvent or in the alternative caused debtor to become insolvent.

14.  The transfers will enable defendant Metro Fabricators, Inc. to recover more than he would receive as a creditor if (a) the bankruptcy case were a case under Chapter 7 of Title 11, United States Code; (b) the transfers had not been made; and (c) the defendant received payment of his debt to the extent provided by the provisions of said Title 11.

**WHEREFORE**, plaintiff prays that this court make its order avoiding the aforesaid preferential transfers, ordering the defendant Metro Fabricators, Inc. to pay over to the trustee the sum of the preferential transfers having a value in excess of $50,000.00 plus costs incurred herein, and for such other and further relief as this Court deems just and proper.

DATE: 6/26/09

                                         /s/ Donald M. Samson\_\_\_
                                         DONALD M. SAMSON
                                         Attorney for Trustee
                                         226 W. Main St., Ste. 102
                                         Belleville, IL  62220
                                         618-235-2226