IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under |
| | ) | Chapter 7 |
| MIDWEST RACKING, | ) | |
| MANUFACTURING, INC., | ) | 07-31110 |
| | ) | |
|     Debtor(s). | ) | |
| | ) | |
| DONALD M. SAMSON, TRUSTEE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. 09-3152 |
| | ) | |
| MICHAEL SABADOS, SR., ANNA | ) | |
| SABADOS, MICHAEL SABADOS, JR., | ) | |
| and METRO FABRICATORS, INC., | ) | |
| | ) | |
|     Defendants. | ) | |

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Donald Samson, the Trustee of the Bankruptcy Estate of Midwest Racking Manufacturing, Inc. and for his Proposed Findings of Fact and Conclusions of Law states follows:

Jurisdiction

1.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §547 and §550.

2.　On June 1, 2007, an involuntary bankruptcy petition was filed in the United States Bankruptcy Court for the Southern District of Illinois naming Midwest Racking Manufacturing, Inc. as the Debtor. An Order for Relief was granted on June 29, 2007.

3.　Michael Sabados, Jr., Michael Sabados, Sr., Anna Sabados, and Metro Fabricators are insiders of the Debtor.

4. Between June 30, 2006 and June 29, 2007, the Debtor transferred assets valued at approximately $324,473 to one or more of the Defendants, consisting of shareholder receivables, equipment and inventory ("Transfers").

5. Between June 30, 2006 and June 29, 2007, the Debtor transferred payments to or on behalf of Michael Sabados, Sr. in the aggregate amount of $698,506.32 ("SR Transfers").

6. The Transfers and SR Transfers were made within one (1) year prior to the filing of the Debtor's bankruptcy petition.

7. At the time of the Transfers and the SR Transfers, the Debtors was indebted to one or more of the Defendants in the amount of at least $172,526.00.

8. Defendant Michael Sabados, Jr. owned 100% of the common stock of the Debtor at the time that the Transfers and the SR Transfers were made.

9. The Debtor was insolvent at the time that the Transfers and the SR Transfers were made.

10. As of June 29, 2005, the Debtor had outstanding liabilities of at least $1,075,304.00 to non-insider creditors.

11. As of December 31, 2005, the Debtor had assets totaling $358,931.

12. The debts listed on the Debtor's Schedule F were due as of June 29, 2005 and remained unpaid as of June 29, 2007.

## CONCLUSIONS OF LAW

1) The Trustee has the burden of proof to establish that a transfer of an interest of the Debtor in property occurred; that the transfer was to or for the benefit of the Defendant; that it was made on account of an antecedent debt owed by the Debtor before the transfer was made; that the transfer was made on or within ninety (90) days (one year for insider creditors)

before the date of filing of the Petition; and that the transfer enabled the Defendant to receive more than it otherwise would have received from the Chapter 7 bankruptcy estate.

2) A legal presumption exists pursuant to 11 U.S.C. §547(f) that the Debtor was insolvent on and during the ninety (90) days immediately preceding the date of the filing of the bankruptcy petition. It is incumbent on the Defendant to present sufficient evidence to overcome the legal presumption of insolvency.

3) The Defendant has the burden to establish any affirmative defenses it may have.

## Conclusions of Law

The Transfers and SR Transfers made within one year of the Petition date constitute preferential transfers and are avoidable pursuant to 11 U.S.C. §547, which states as follows:

> "(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if–
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

The Defendants have failed to prove any of the exceptions to avoidance, including those listed under 11 U.S.C. §547(c). The Transfers and SR Transfers are avoidable under 11 U.S.C. §547 and recoverable under §550 for the benefit of the bankruptcy estate.

Dated this 16th day of February, 2011.

                                      DONALD M. SAMSON, TRUSTEE

                                      By: /s/ Mary E. Lopinot

Mathis, Marifian & Richter, Ltd.
23 Public Square, Ste. 300
Belleville, IL  62220
(618) 234-9800 *Telephone*
(618) 234-9786 *Facsimile*
mlopinot@mmrltd.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2011, a copy of the foregoing document was served upon the following persons via the Court's electronic noticing system: Steven Clark, 104 S. Charles St., Belleville, IL 62220; and John Johnston, 101 W. Main St., Belleville, IL 62220.

                                      /s/  Mary E. Lopinot

f:\wp51\lkg\samson\midwest racking\prop findsconcl (547 claim).docx